UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHAN WESTIN, | |
| Plaintiff, | CIVIL ACTION 1:16-cv-08507 |
| v. | COMPLAINT |
| KOVITZ SHIFRIN NESBIT, A PROFESSIONAL CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, NATHAN WESTIN ("Westin"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, KOVITZ SHIFRIN NESBIT, A PROFESSIONAL CORPORATION ("KSN") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. §1692, et seq.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

1

**PARTIES**

4. Westin is a natural person who resides in the Northern District of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). Westin is a consumer and natural person over 18-years-of-age who, at all times relevant, owned and resided at the real property located at 1524 Sand Bar Court, #3B, Round Lake Beach, Illinois ("subject property").

5. At all times relevant to the action, KSN was and is an Illinois professional corporation, a law firm, incorporated and registered in the State of Illinois to provide legal services including collection of debts owed to a third party. KSN is located at 750 W. Lake Cook Road, Suite 350, Buffalo Grove, IL 60089.

6. KSN regularly engages in the business of collection of debts allegedly owed to third parties by consumers through correspondence and phone calls and, therefore, is a "debt collector" as that term is defined under § 1692a(6) of the FDCPA.

**FACTS SUPPORTING CAUSE OF ACTION**

1. On April 16, 2015 Westin filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-13636, invoking the protections of the automatic stay pursuant to 11 U.S.C. § 362(a).

2. Westin's Schedule D listed a secured pre-petition debt to Fairfield Village Condo ("Fairfield") in the approximate amount of $1,300.00 ("Fairfield Account") for an assessment for unpaid condominium association fees. This assessment was for Westin's interest in a condominium located at 1524 Sand Bar Court, #3B, Round Lake Beach, Illinois. *See* attached Exhibit A is a true and correct copy of Westin's Schedule D filed with the Court.

3. On or about April 17, 2016, the Bankruptcy Noticing Center ("BNC") provided Fairfield with notice of the bankruptcy filing and notice of the automatic stay. *See* attached Exhibit B is a true and correct copy of the Certificate of Service executed by the BNC.

4. On or about July 22, 2015 Westin received an Order of Discharge from the Bankruptcy Court.

5. On or about July 22, 2015 the Bankruptcy Noticing Center ("BNC") provided Fairfield with notice of the Order of Discharge. See attached Exhibit C is a true and correct copy of the Certificate of Service executed by the BNC.

6. Subsequently on February 24, 2016 Defendant KSN sent Westin a letter collecting upon the debt formerly owed to Fairfield. This debt included a demand for payment in the amount of $3,603.21. See attached Exhibit D is a true and correct copy of the February 24, 2016 letter.

7. KSN's February 24, 2016 letter includes a Resident Transaction Report. This report detailed the charges made to the Westin. This report includes costs and charges incurred prior to Westin's bankruptcy (from May 1, 2014 - April 15, 2015) in the total amount of $1,464.84.

8. Subsequently on March 30, 2016 Defendant KSN sent Westin another letter collecting upon the debt formerly owed to Fairfield. This debt included a demand for payment in the amount of $2,163.37. See attached Exhibit E is a true and correct copy of the March 30, 2016 letter.

9. KSN's March 30, 2016 letter includes a Resident Transaction Report. This report detailed the charges made to the Westin. This report includes costs and charges incurred prior to Westin's bankruptcy (from May 1, 2014 - April 15, 2015) in the total amount of $1,464.84.

10. KSN's March 30, 2016 letter acknowledges that Westin filed for bankruptcy.

11. Specifically it states at the bottom of the Resident Transaction Report "Minus $1,439.84 – Pre-Petition Balance; Total Balance Due - $2,069.37."

12. On the Resident Transaction Reports attached to both of KSN's letters, the amount of $1,439.84 is the amount due as of April 1, 2015.

13. Following this letter on May 12, 2016 KSN filed a small claims complaint on behalf of Fairfield and against Westin in the Circuit Court of Lake County Illinois, Case Number 16-SC-2180.

14. The Order of Discharge entered in Westin's bankruptcy discharged his liability for any condominium association fees or charges up to the date of filing of his bankruptcy (April 16, 2015).

15. Section 523(a)(16) of the Bankruptcy Code provides only that post-petition association dues are non-dischargeable:

> **(16)** For a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

**COUNT I -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Westin restates and realleges all paragraphs above as though fully set forth herein.

17. Westin is a "consumer" as defined by FDCPA §1692a(3).

18. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

4

19. The collection letters was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

20. Defendant KSN qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

21. Defendant KSN violated 15 U.S.C. §§1692e(2), e(10), f, through its debt collection efforts on a debt discharged in bankruptcy.

    a. **Violations of FDCPA § 1692e**

22. Defendant KSN violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt.

    a) In KSN's February 24, 2016 letter KSN misrepresents the amount owed. KSN demands payment in the amount of $3,603.21of which $1,464.84 is uncollectable as having been discharged in Westin's bankruptcy.

    b) In KSN's March 30, 2016 letter KSN misrepresents the amount owed. KSN demands payment in the amount of $2,163.37 of which $25.00 is uncollectable as having been discharged in Westin's bankruptcy.

23. KSN violated §1692e(10) when it falsely represented that the subject debt was collectible as alleged above.

### b. Violations of FDCPA § 1692f

24. Defendant KSN violated §1692f by using unfair or unconscionable means to collect or attempt to collect a debt by continuing to collect on debt that had been discharged in Westin's bankruptcy.

25. As an experienced creditor and debt collector, Defendant KSN knew or should have known the ramifications of collecting on a debt that was protected from collection by virtue of Section 524 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, NATHAN WESTIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**


Dated: August 30, 2016                     Respectfully Submitted,

                                                  /s/James J. Haller
                                                  James J. Haller ARDC#6226796
                                                  Counsel for Plaintiff
                                                  Sulaiman Law Group, LTD
                                                  900 Jorie Blvd, Ste 150
                                                  Oak Brook, IL 60523
                                                  Phone (630)575-8181
                                                  Fax: (630)575-8188